# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-20672
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 9, 2018

Lyle W. Cayce
Clerk

JOSEPH LEE FLORES,

Petitioner-Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CV-1633

Before JOLLY, SMITH, and COSTA, Circuit Judges.

PER CURIAM:[*]

Joseph Lee Flores, Texas prisoner # 1694314, appeals the district court's summary judgment dismissal of his 28 U.S.C. § 2254 application challenging his 2008 convictions for aggravated robbery and attempted capital murder of a peace officer. We granted Flores a certificate of appealability on the issue

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-20672

whether his trial counsel provided ineffective assistance by failing to challenge or strike Venireman # 38 for alleged bias.

In reviewing the denial of § 2254 relief, we apply the same standard of review to the state court's decision as the district court. *Martinez v. Johnson*, 255 F.3d 229, 237 (5th Cir. 2001). Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal court may not grant habeas corpus relief with respect to a claim that was adjudicated on the merits in state court unless the adjudication resulted in a decision that "was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d)(1)-(2); *see Harrington v. Richter*, 562 U.S. 86, 100-03 (2011) (discussing deferential standard of review imposed by AEDPA).

To prevail on a claim that defense counsel provided ineffective assistance at trial, the petitioner must show that his counsel's performance was deficient and that the deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). The Sixth Amendment guarantees a criminal defendant a fair trial by an impartial jury. *Virgil v. Dretke*, 446 F.3d 598, 605 (5th Cir. 2006). In conducting a deficient performance analysis in the context of counsel's failure to strike an allegedly biased juror, this court first considers whether the juror at issue was actually biased. *Id.* at 608-10.

The relevant question for determining juror bias is "whether the juror[]. . . had such fixed opinions that [he] could not judge impartially the guilt of the defendant." *Patton v. Yount*, 467 U.S. 1025, 1035 (1984). Because this question is "plainly one of historical fact," we may reject a state-court finding on this point only if the habeas applicant rebuts the presumption of correctness given to state court factual findings by clear and convincing evidence. *Id.* at

2

1036; § 2254(e)(1).  As the state court ruled that Flores's ineffective assistance claim based on counsel's failure to strike a biased juror failed under both prongs of *Strickland*, the state court implicitly found that the juror was not biased.

During voir dire, Venireman #38 affirmed that he "th[ought]" his past experience as a crime victim "would affect [his] ability to be fair."  This ambiguous statement is distinguishable from the responses deemed biased in *Virgil*, 446 F.3d at 609-10, where two jurors "unequivocally expressed that they could not sit as fair and impartial jurors," *id.* at 613.  Thus, despite Flores's assertion that "the record itself" demonstrates Venireman # 38's actual bias, he has failed to rebut with clear and convincing evidence the state court's presumptively correct implied finding of no bias.  *See* § 2254(e)(1).

In light of the foregoing, the state habeas court's decision denying Flores's ineffective assistance claim was not contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court.  *See Strickland*, 466 U.S. at 687; § 2254(d)(1).  The judgment of the district court is AFFIRMED, and Flores's MOTION for appointment of counsel is DENIED.